# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MANETIRONY CLERVRAIN,**

    **Plaintiff,**

vs.                                                       Case No. 4:19cv99-WS/CAS

**RICHARD LYNN SCOTT,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, initiated this case in February 2019. ECF Nos. 1-3. Plaintiff seeks to proceed with in forma pauperis status. ECF Nos. 1, 7. He indicates that he is currently incarcerated, ECF No. 7 at 1, and has been for six months or more. *Id.* at 2. Plaintiff submitted a prisoner consent form and financial certificate, *id.* at 3, and Plaintiff included a resident account summary which indicates Plaintiff has maintained a zero balance in his account. *Id.* at 6.

    Plaintiff did not, however, submit a complaint on the complaint form as is required by this Court. The complaint form requires a plaintiff prisoner

to disclose all prior cases he has filed, and acknowledge any cases which were dismissed as frivolous, malicious, for failing to state a claim, or other similar reasons.  Plaintiff's litigation history is relevant in determining if Plaintiff is entitled to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(g).  Because Plaintiff has not used this Court's complaint form nor disclosed his prior cases, the Court takes judicial notice of Plaintiff's litigation history.

Plaintiff has filed nearly 40 cases in federal courts spanning from California to Florida, Pennsylvania to Texas.  It appears that Plaintiff has filed cases in at least fifteen different states.[1]

Plaintiff[2] initiated case number 3:18cv0819-G in the United States District Court for the Northern District of Texas.  It was dismissed with prejudice for failure to state a claim on December 3, 2018.  ECF No. 41 at 1 of that case.  Plaintiff filed a notice of appeal, which is currently pending, but that dismissal counts as a "strike" under § 1915(g).  *See* Coleman v. Tollefson, 135 S. Ct. 1759, 1763, 191 L. Ed. 2d 803 (2015) (holding that

---

[1] Plaintiff has filed cases in California, Colorado, the District of Columbia, Florida, Georgia, Kansas, Kentucky, Massachusetts, Maryland, Minnesota, Mississippi, North Carolina, Pennsylvania, Texas, and Wisconsin.

[2] The Court has confirmed by reviewing the prisoner number associated with those cases that they were filed by Plaintiff Manetirony Clervrain, # 96396004.

Case No. 4:19cv99-WS/CAS

"prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal").

Plaintiff also filed case number 1:17cv01858-UNA in the United States District Court for the District of Columbia. It was dismissed with prejudice in late December 2017, for failing to state a claim, and because it was frivolous. ECF Nos. 9, 10 of that case. The order of dismissal entered in that case advised Plaintiff that the dismissal qualified "as a strike under 28 U.S.C. § 1915(g)." ECF No. 10 of that case.

Plaintiff accumulated a third "strike" in the United States District Court for the Southern District of Georgia. Case number 3:18cv028-DHB-BKE was dismissed on August 16, 2018, for failure to state a claim. ECF No. 41 of that case.

Plaintiff also filed case number 1:18cv01854-AT in the United States District Court for the Northern District of Georgia. It was dismissed prior to service on the court's own instance. The order did not specify that it was dismissed for failing to state a claim, but review of the order reveals that the court found Plaintiff "raised no claims" against the named Defendants which would entitle him to relief. Accordingly, the complaint was dismissed for failure to state a claim. ECF No. 10 of that case.

Case No. 4:19cv99-WS/CAS

It is also noted that Plaintiff initiated case number 5:18cv03039-SAC in the United States District Court for the District of Kansas. It was also dismissed for failure to state a claim upon which relief may be granted. That case counts as Plaintiff's fifth such dismissal. Although it is currently pending on appeal, the prior dismissal counts as a strike. Coleman, 135 S. Ct. at 1763.

It is unnecessary to further detail Plaintiff's litigation history. This listing of prior case dismissals reveals that Plaintiff is not entitled to proceed with in forma pauperis status in this case unless he meets the exception of 28 U.S.C. § 1915(g). That statute provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has not filed a document in this case which demonstrates that he faces imminent danger. Plaintiff's case initiating documents are, indeed, frivolous. *See* ECF Nos. 1-3.

Accordingly, because Plaintiff has had three prior dismissals of cases or appeals which count as "strikes," and he is not under imminent danger of serious physical injury, his motion to proceed in forma pauperis, ECF No. 7, should be denied and this action dismissed. Dismissal should be without prejudice to Plaintiff submitting a complaint in a new case for which he pays the full $400.00 filing fee at the time of case initiation. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 7, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that all other pending motions be **DENIED,** and this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $400.00 filing fee. It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk

of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 16, 2019.


　S/　　Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


# NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**